# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
02/14/2017
CT Log Number 530696010

TO:     Irma Velazquez
        DeVry Education Group Inc.
        3005 Highland Parkway
        Downers Grove, IL 60515-5799

RE:     **Process Served in California**

FOR:    Devry University, Inc.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bruce Rorty, Pltf. vs. University Alliance Online, etc., et al., Dfts. // To: Devry University, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # 16K00055 |
| **NATURE OF ACTION:** | Plaintiff prays for judgment against defendants For costs of suit and For such other and further relief as the Court may deem just and proper. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/14/2017 at 13:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Robert F. Smith<br>Law Offices Robert F. Smith<br>16200 Ventura Blvd., #308<br>Encino, CA 91436<br>818-231-2331 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/15/2017, Expected Purge Date: 02/20/2017<br><br>Image SOP<br><br>Email Notification,  Gregory S. Davis  gsdavis@devry.com<br><br>Email Notification,  Irma Velazquez  ivelazquez@devry.edu<br><br>Email Notification,  Karen Baron  kbaron@devry.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

00:51:55 p.m. 01-05-2016    17    3102410691
01/05/2016   18:54   3102410691      BRUCERORTY      PAGE   17/22

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY

JAN -8 2016

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

UNIVERSITY ALLIANCE ONLINE, a division of BISK
EDUCATION, INC., a Florida corporation; see sum200 form ......

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

BRUCE RORTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso): **16K0 0 0 5 5** |

Los Angeles Superior Court, Central District, Stanley Mosk Courthouse,
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Robert F. Smith, Cal Bar #116245, 16200 Ventura Blvd. #308, Encino, CA 91436 (818) 231-2331

| DATE:<br>(Fecha) | SHERRI R. CARTER | Clerk, by<br>(Secretario) | DAWN ALEXANDER | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): DeVry University, Inc., an Illinois corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☒ by personal delivery on (date): 2-10-17 12:15

Page 1 of 1

**SUM-200(A)**

| SHORT TITLE:<br>BRUCE RORTY v. UNIVERSITY ALLIANCE ONLINE, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

.... DEVRY UNIVERSITY, INC., an Illinois corporation;  CLICKSPARK, LLC, a New York domestic LLC; and DOES 1 to 100,

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**0701**

**FILED**
Superior Court of California
County of Los Angeles

JAN - 8 2016

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
       Dawn Alexander

1 | ROBERT F. SMITH, sbn 116245
2 | LAW OFFICES ROBERT F. SMITH
  | 16200 Ventura Blvd. # 308
3 | Encino, California 91436
  | Telephone (818) 231-2331

4 | Attorney for plaintiff

5 | ● 0 7 1 - 6 / 2016 TRIAL: 0 7 1 - 6 / 2017 OSC: x 1 1 - 7 1 2019

6 |

7 | *VIA FAX*

8 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9 | CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE

|                                          |                                              |
|------------------------------------------|----------------------------------------------|
| BRUCE RORTY,                             | CASE NO. **16 K 0 0 0 5 5**                  |
| Plaintiff,                               | (Limited Jurisdiction – Amount sought is $25,000 or less) |
| vs.                                      | (Assigned to the Hons. Patricia Nieto and Randolph Hammock, Judges, Dept. 77) |
| UNIVERSITY ALLIANCE ONLINE, a division of BISK EDUCATION, INC., a Florida corporation; DEVRY UNIVERSITY, INC., an Illinois Corporation; CLICKSPARK, LLC, a New York domestic LLC; and DOES 1 to 100, | COMPLAINT FOR:                               |
| Defendants.                              | 1. UNLAWFUL RECORDING OF TELEPHONE CALLS Penal Code §632.7, 637.2 <br> 2. UNLAWFUL TELEMARKETING 47 U.S.C. §227 (c) (5) |

COMES NOW, plaintiff Bruce Rorty, ("plaintiff" or "Rorty") and alleges against the defendants, and each of them, the following:

1.   Plaintiff resided in San Pedro, CA 90732, County of Los Angeles, when the calls at issue were placed, and is and was a residential and personal mobile telephone subscriber. As of approximately late September 2014, the residential landline solely used an AT & T phone with two portable cordless telephone receivers.  The landline number is (310) X4X-X6XX. The cell phone carrier is T – Mobile, 310-X4X-X1XX, and it was registered on the National Do Not Call Registry on August 30, 2006, while the current landline was registered on the National Do Not

-1-

1 │ Call Registry on or about December 11, 2013.

2 │     2.    Plaintiff is informed and believes and thereon alleges that at all material times

3 │ alleged, defendant UNIVERSITY ALLIANCE ONLINE, a division of BISK EDUCATION,

4 │ INC., a Florida corporation, is headquartered in Tampa Florida, and is in the business of

5 │ operating for-profit private universities and other schools. University Alliance Online in part

6 │ utilizes telemarketing to fill classroom chairs. University Alliance Online does business

7 │ throughout California by virtue of having its employees and agents place calls to California

8 │ residents.  Plaintiff is informed and believes and thereon alleges that at all material times

9 │ alleged, defendant CLICKSPARK LLC was a New York domestic limited liability company with

10 │ its headquarters in Henrietta, NY 14465. Plaintiff is informed and believes and thereon alleges

11 │ that Clickspark utilizes the trade name www.degree match.com when soliciting new students via

12 │ telemarketing. Clickspark does business in California by virtue of having their employees and

13 │ agents place calls to California residents.

14 │     3.    Plaintiff is informed and believes and thereon alleges that at all material times

15 │ alleged, defendant Devry University, Inc., an Illinois Corporation, operates for-profit universities

16 │ and schools nationwide, and has its main headquarters in Downers Grove, IL 60515. Devry does

17 │ business in California by virtue of having their employees and agents place calls to California

18 │ residents.

19 │     4.    Plaintiff is informed and believes and thereon alleges that at all material times

20 │ alleged, DOE defendants 1 through 25 are individuals and or entities retained by the defendants

21 │ who have placed telephone calls to plaintiff in connection with their business operations.

22 │ Plaintiff is informed and believes and thereon alleges that at all material times alleged, DOE

23 │ defendants 26 through 50 are individuals and/or entities engaged in lead generation who were

24 │ retained by the defendants to generate leads on defendants' behalf. Plaintiff is informed and

25 │ believes and thereon alleges that at all material times alleged, DOE defendants 51 through 100

26 │ are individuals and or entities selling for-profit private education, who have placed telephone

27 │ calls to plaintiff in connection with their business operations.

28 │     5.    The true names and capacities whether individual, corporate, associate or

1 | otherwise of Defendants DOES 1 through 100 are unknown to plaintiff at this time, who

2 | therefore sues these defendants by such fictitious names. Plaintiff will seek leave of court to

3 | amend this complaint to show their true names and capacities when they are ascertained.

4 | Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant is

5 | responsible in some manner for the occurrences alleged, and that plaintiff's injuries and damages

6 | as alleged were proximately caused thereby. Each reference in this complaint to "defendant,"

7 | "defendants," or a specifically named defendant refers also to all defendants sued under fictitious

8 | names.

9 |     6.      Plaintiff is informed and believes, and thereon alleges, that at all times below

10 | mentioned, each defendant may have been the agent, servant, employee, joint venturer, partner,

11 | and/or representative of the remaining defendants; and in doing the things hereinafter mentioned,

12 | each defendant may have been acting within that course, scope and authority as an agent, servant,

13 | employee, joint venturer, partner, and representative, whether such capacity was actual or

14 | apparent, with the knowledge and consent of each other defendant, and as authorized and/or

15 | ratified by each of the remaining defendants who were working with the particular defendants.

16 |     7.      Plaintiff is informed and believes and therefore alleges that at all relevant times,

17 | each defendant acted pursuant to a common plan and/or aided and abetted certain other

18 | defendants in the wrongful acts alleged in this complaint, such that each is jointly and severally

19 | liable for all harm caused to plaintiff, including that defendants may well be jointly and severally

20 | responsible and liable for the acts and occurrences set out below.

21 |     8.      Plaintiff is further informed and believes and thereon alleges that the defendants

22 | and DOES 1 to 100 were instrumental in making telephone calls to plaintiff, for the purpose of

23 | selling their services.

24 |     9.      Whenever this complaint makes reference to any act of a defendant or defendants,

25 | the allegations shall be deemed to mean the act of those defendants named in the particular cause

26 | of action, and each of them, acting individually, jointly, or severally.

27 | **JURISDICTION AND VENUE**

28 |     10.     This Court has jurisdiction in this matter pursuant to *Code of Civil Procedure* §

1 | 410.10, because defendants, and each of them, engaged in violations of 47 U.S.C. §227 and

2 | Penal Code §§ 632 et seq. as well as the privacy rights granted to California residents under

3 | California's Constitution.

4 |     11.    Venue is proper in this Court per Code of Civil Procedure §§ 395 and 395.5 in

5 | that defendants, and each of them, by placing multiple telephone calls to a resident of the

6 | Southwest and South Districts,  conducted business within the South District, specifically in San

7 | Pedro, California, defendants' obligations and liability arose in Los Angeles County, and

8 | defendants' breaches occurred in Los Angeles County.  This courthouse is the proper venue in

9 | that as this case is not a personal injury matter, or a collection matter, it is properly venued in

10 | Department 77 in the Central District, Stanley Mosk Courthouse.

11 |

12 | **FIRST CAUSE OF ACTION**

13 | **UNLAWFUL RECORDING OF CALLS – Penal Code §§ 632.7, 637.2**

14 | **(Against All Defendants and DOEs 1 to 100)**

15 |     12.    Plaintiff realleges all paragraphs set out above alleged and incorporate these

16 | allegations by reference as if fully set forth.

17 |     13.    At or about 1:50 p.m. on January 5, 2015, plaintiff received an unsolicited

18 | telemarketing call, and 1-813-627-8640, University Alliance, and Brandon/Tampa FL  showed

19 | on his cell phone's Caller ID feature. The caller was calling from University Alliance, and selling

20 | for-profit private university education programs. After over one minute on the telephone, plaintiff

21 | asked the University Alliance caller if he was recording the call surreptitiously. At about

22 | 00:01:17 the caller admitted to recording the call without giving notice at the very beginning of

23 | the call. As well, there were no audible beeps. When asked why not state at the inception of  the

24 | call that it was being recorded, the caller hung up. The University Alliance caller called back at

25 | 2:01 PM, and still did not give notice at the beginning of the call that it was being recorded.

26 | Moreover, there were no audible beeps while the call was ongoing. On or about February 11,

27 | 2015, plaintiff received an unsolicited telemarketing call from 813-627-8640. "University

28 | Alliance" and Brandon/Tampa FL showed on Caller ID. About 00:02:40 into the call, plaintiff

1  asked Erica if the call was being recorded. Erica responded "yes." There had been no notice

2  giving given at the inception of the call, nor were there any audible periodic beeps.

3       14.    At or about 3:11 PM on January 5, 2015, a "Kelly" called from Devry University.

4  On the Caller ID feature, Devry U, 1-562-997-5447, and Long Beach CA appeared. Kelly was

5  selling a for-profit private education. Several minutes into the call, plaintiff asked Kelly if Devry

6  University had a written do not call policy. Kelly responded "no." Kelly was next asked if the call

7  was being recorded. Kelly responded "yes," and there was no announcement at the beginning of

8  the call it was being recorded, nor were there any audible beeps. Kelly admitted to recording the

9  call about three minutes into the call. Plaintiff told her he was not giving her permission to record

10  the call, to please save the recording, and to preserve the evidence.

11       15.    Plaintiff learned for the first time on February 9, 2015 that Clickspark had

12  recorded a December 26, 2014 telemarketing call. On that date, plaintiff had received a

13  telemarketing call from 215-465-2379, and "Pizzi Pizza" and Philadelphia showed on Caller ID.

14  During the discovery phase of this lawsuit, plaintiff may unearth the existence of additional

15  surreptitiously recorded calls.

16       16.    Per Penal Code § 637.2, the above surreptitiously recorded calls can carry a

17  statutory penalty of up to $5000 per call.

18

19                    **SECOND CAUSE OF ACTION**

20         **UNLAWFUL TELEMARKETING CALLS - 47 U.S.C. § 227 (c) (5)**

21            **(Against all Named Defendants, and Does 1 to 100)**

22       17.    Plaintiff realleges all paragraphs set out above alleged and incorporate these

23  allegations by reference as if fully set forth.

24       18.    In or about 2014, but possibly earlier, plaintiff began receiving calls from

25  defendants and their lead generators, although plaintiff's telephone numbers had been registered

26  with the FTC's National DoNotCall Registry ("DNC List") for years when the calls began.

27  Defendants were selling for-profit university degree programs, and plaintiff does not have and

28  never has had a preexisting business relationship with these defendants.  The calls continued

1  despite plaintiff seeking information like telephone numbers and addresses, which is a precursor

2  to asking the callers questions about written DoNotCall policies, DNC lists, etc. The callers often

3  hung up before plaintiff could tell them he is listed on the DNC Registry.

4       19.     The calls placed by defendants University Alliance and Devry University are set

5  forth above in paragraphs 13 and 14. Beginning November 17, 2014, plaintiff began receiving a

6  series of unsolicited telemarketing calls from heavily Indian accented callers using 215-465-

7  2379. The cell phone's Caller ID feature showed "Pizzi Pizza" and Philadelphia. Plaintiff learned

8  for the first time on December 26, 2014 that Pizzi Pizza was a call center calling on behalf of

9  www.degreematch.com and Clickspark LLC. On December 26, 2014, the heavily accented caller

10 "Justin" transferred the call to a woman identifying herself as Rachel at www.degreematch.com.

11 Rachel was selling for-profit university degree programs at Florida Tech University online.

12 Eventually during the December 26, 2014 call, plaintiff learned that www.degreematch.com was

13 a part of Clickspark LLC. Plaintiff received one telemarketing call from the 215 number on

14 November 17, 2014, two telephone calls from the 215 number on both November 18 and 24,

15 2014, one call on December 26, 2014, and a final call on February 9, 2015 from 310-341-4383.

16 On February 9, 2015, plaintiff had asked Kayla for Clickspark's written do not call policy two or

17 three times, and in response she said she would add plaintiff's name to a list. She admitted as

18 much that she did not know what a written do not call policy is. Plaintiff is informed and believes

19 and thereon alleges that Kayla had not been properly trained in the do not call laws.  During the

20 February 9, 2015 call from Kayla, she claimed that plaintiff had submitted an online application

21 to www.degreematch.com. Plaintiff told her this was of false. In context this false allegation that

22 plaintiff made an online inquiry demonstrates an attempt by Clickspark LLC to try to avoid

23 liability, thereby making the calls from Pizzi Pizza knowing or willful conduct, which will

24 subject Clickspark to treble damages. Moreover, on February 9, 2015, the cell phone's Caller ID

25 feature showed the 310-341-4383 number plus "Degree Match" and El Segundo, CA.  By using a

26 spoofed telephone number and a fake entity name, i.e., Pizzi Pizza, Clickspark demonstrates

27 knowing or willful conduct for each of the six calls from the 215-465-2379 number.

28       20.     Plaintiff is informed and believes and thereon alleges that before the January 5,

1 | 2015 telemarketing calls were made by University Alliance, a lead generator calling on its behalf

2 | had telemarketed plaintiff in connection with signing up for a private university degree program.

3 | At no time has plaintiff ever made an online inquiry or application to University Alliance, as well

4 | as any other for profit private university degree program.  During the February 11, 2015 call from

5 | Erica at University Alliance, she was asked if her company had a written do not call policy which

6 | she could mail to plaintiff. In response, Erica said she did not know what a written do not call

7 | policy is. There is case law to the effect that the failure by a telemarketer to have a written do not

8 | call policy in existence, and available on demand, demonstrates willful or knowing conduct

9 | which will entitle the plaintiff to recover treble damages from the telemarketer.

10 |      21.    Plaintiff is informed and believes and thereon alleges that before the January 5,

11 | 2015 telemarketing call was made by Devry University, a lead generator calling on its behalf had

12 | telemarketed plaintiff in connection with signing him up for a private university degree program.

13 | This was the first telephone call plaintiff had ever received from Devry University, and at no time

14 | has plaintiff ever submitted an online application, nor made an online inquiry, to Devry

15 | University or any other website advertising for-profit private education degree programs. As an

16 | aside, plaintiff is informed and believes that University Alliance and Devry University have

17 | contributed to what is commonly known today as the "student loan debt crisis."

18 |      22.    Each call carries a $500 statutory penalty per TCPA violation, and because the

19 | TCPA was willfully and knowingly violated, the court may treble the damages for each violation

20 | to $1,500 per call.  There is a four-year statute of limitations on unlawful telemarketing calls.

21 |      23.    Plaintiff is further informed and believes and thereon alleges defendants and their

22 | lead sources and call centers are in violation of 47 C.F.R.  § 64.1200(d) (2) in that all defendants

23 | were telemarketing personnel not properly trained and informed about the existence and use of

24 | the DNC list.

25 |      24.    Plaintiff is informed and believes and thereon alleges that the lead sources and

26 | call centers and employees, were in violation of 47 C.F.R. § 64.1200(d) (4) in that the

27 | telemarketers did not provide plaintiff with the name of the individual caller, the name of the

28 | person or entity on whose behalf the call is being made, and did not provide a telephone number

1 | or address at which the person or entity may be contacted.

2 |      25.   Plaintiff is informed and believes and thereon alleges that all defendants are in

3 | violation of 47 C.F.R. § 64.1200(c) (2) in that they telemarketed plaintiff, who is a residential

4 | telephone subscriber who has registered his telephone numbers on the National Do Not Call

5 | Registry of persons who do not wish to receive telephone solicitations that is maintained by the

6 | federal government.

7 |      26.   Plaintiff is informed and believes and thereon alleges that all defendants do not

8 | maintain their own written do not call policy in compliance with 47 C.F.R. § 64.1200(d) (1) and

9 | at times have refused to mail the policy, also a 47 C.F.R. § 64.1200(d) (1) violation.

10 |      27.   Plaintiff is informed and believes and thereon alleges that all defendants do not

11 | maintain their own do not call list in violation of 47 C.F.R. § 64.1200(d) (3) and at times have

12 | not placed plaintiff's phone number on a newly created list.

13 |      28.   Plaintiff is informed and believes and thereon alleges defendants and each of them

14 | violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 by calling plaintiff's cellular telephone since

15 | at least 2014.

16 |      29.   Plaintiff is informed and believes and thereon alleges that all of the above B

17 | mentioned violations of the Telephone Consumers Protection Act [TCPA], 47 U.S.C. § 227,

18 | were knowing and willful in that defendants knew they acted, or failed to act, in a manner that

19 | violated the statute, and that the defendants consciously and deliberately committed or omitted an

20 | act that violated the statute statutes. Therefore, plaintiff will be entitled to an award of treble

21 | damages for each discrete TCPA violation committed by defendants, and each of them.

22 |      30.   As a proximate result of the unlawful activities of these defendants, and each of

23 | them, per 47 U.S.C. § 227 (c) (5), plaintiff has a private right of action to recover actual damages

24 | or $500 per violation, whichever is greater. Plaintiff will amend this complaint when the actual

25 | number of violations is ascertained.

26 |      31.   Due to the knowing and willful misconduct by defendants, and each of them, the

27 | court is authorized to award plaintiff up to three times the award amount available under

28 | subparagraph (B) of 47 U.S.C. § 227(c)(3).

1

2      **WHEREFORE,** plaintiff prays for judgment against defendants, and each of them, as

3   follows:

4   **FOR THE FIRST CAUSE OF ACTION:**

5          1.      For statutory penalties of $5000 per call per Penal Code § 637.2;

6          2.      For prejudgment interest at the legal rate from the date of damage;

7   **FOR THE SECOND CAUSE OF ACTION:**

8          3.      For statutory damages of $500 for each separate violation of 47 U.S.C. § 227 and

9   47 C.F.R. § 64.1200;

10         4.      For prejudgment interest at the legal rate from the date of damage; and

11         5.      For treble damages for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200

12   violation that are determined to be willful or knowing.

13   **FOR ALL CAUSES OF ACTION:**

14         6.      For costs of suit; and

15         7.      For such other and further relief as the Court may deem just and proper.

16

17   DATED: January 5, 2015              LAW OFFICES ROBERT F. SMITH

18

19                                      By: _____

20                                      ROBERT F. SMITH, attorney for plaintiff

21

22

23

24

25

26

27

28

COMPLAINT

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 6 2017

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

1    SEYFARTH SHAW LLP
Michael J. Burns (State Bar No. 172614)
2    560 Mission Street, Suite 3100
San Francisco, California 94105
3    Telephone: (415) 397-2823
Facsimile: (415) 397-8549
4
SEYFARTH SHAW LLP
5    Joseph Escarez (State Bar No. 266644)
2029 Century Park East, Suite 3500
6    Los Angeles, CA 90067
Telephone: (310) 277-7200
7    Facsimile: (310) 201-5219

8    Attorneys for Defendant
DEVRY UNIVERSITY, INC.
9

10                 SUPERIOR COURT OF CALIFORNIA

                   COUNTY OF LOS ANGELES
11

| | |
|---|---|
| BRUCE RORTY, | Case No. 16K00055 |
| Plaintiff, | |
| v. | **DEVRY UNIVERSITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| UNIVERSITY ALLIANCE ONLINE, a division of BISK EDUCATION, INC. a Florida corporation; DEVRY UNIVERSITY, INC.; an Illinois Corporation; CLICKSPARK, LLC, a New York domestic LLC; and DOES 1 through 100, | Complaint Filed: January 6, 2016 |
| Defendants. | By Fax |

Defendant DEVRY UNIVERSITY, INC. ("DeVry") answers Bruce Rorty's ("Plaintiff")

unverified Complaint for: (1) Unlawful Recording of Telephone Calls Penal Code §§ 632.7 and

637.2; (2) Unlawful Telemarketing 47 U.S.C. § 227(c)(5); as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), DeVry generally

denies each and every cause of action and allegation in the Complaint. In further answer to the

Complaint, DeVry denies that Plaintiff has suffered any injury, damage or loss in any nature or

1

1   manner whatsoever by reason as a result of any act or omission by Defendant alleged in the

2   Complaint.

3                                    **SEPARATE DEFENSES**

4          Separately and as joint defenses to each cause of action in Plaintiff's Complaint, and

5   pursuant to California Code of Civil Procedure section 431.30(g), DeVry alleges the following

6   defenses.  In asserting these defenses DeVry does not assume the burden of proof as to matters

7   that, pursuant to law, are Plaintiff's burden to prove:

8                                 **FIRST SEPARATE DEFENSE**

9                    (Failure to State a Cause of Action – All Causes of Action)

10         Plaintiff's Complaint, and each purported cause of action therein, fails to state facts

11  sufficient to constitute a cause of action or state a claim upon which relief may be granted

12  against DeVry.

13                              **SECOND SEPARATE DEFENSE**

14                        (No Injury– All Causes of Action)

15  Plaintiff sustained no injuries, damages or loss by reason of any act of DeVry.

16                               **THIRD SEPARATE DEFENSE**

17                       (Failure to Mitigate– All Causes of Action)

18         To the extent Plaintiff sustained or has suffered any injuries, damages or loss by reason of

19  any act of DeVry alleged in the Complaint, which DeVry denies, Plaintiff has failed to mitigate

20  those damages and his claims are therefore barred in whole or in part.

21                              **FOURTH SEPARATE DEFENSE**

22                     (Statute of Limitations – All Causes of Action)

23         Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations,

24  including, but not limited to, California Civil Code section 340 and 28 U.S.C. § 1658(a).

25

26

27

28

Defendant's Answer to Plaintiff's Unverified Complaint; Case No. 16K00055

38105742v.1

**FIFTH SEPARATE DEFENSE**

(Consent – All Causes of Action)

Assuming that DeVry engaged in the conduct attributed to it, which it denies, Plaintiff consented to such conduct.  DeVry further alleges, based upon information and belief, that Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the TCPA for all calls allegedly placed to his cellular telephone number by any alleged automated telephone dialing system.

**SIXTH SEPARATE DEFENSE**

(Estoppel – All Causes of Action)

Plaintiff is equitably estopped from asserting his claims for relief because Plaintiff has by his own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of DeVry of which he now complains.

**SEVENTH SEPARATE DEFENSE**

(Laches – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

**EIGHTH SEPARATE DEFENSE**

(Privilege/Justification – All Causes of Action)

Assuming *arguendo* that any of the actions alleged in the Complaint were taken by DeVry, such actions were at all times privileged or justified.

**NINTH SEPARATE DEFENSE**

(Ratification – All Causes of Action)

Plaintiff's claims are barred in whole or in part because any conduct by DeVry was ratified by Plaintiff.

**TENTH SEPARATE DEFENSE**

(Unclean Hands – All Causes of Action)

Plaintiff's claims for relief are barred to the extent he has unclean hands.

3

Defendant's Answer to Plaintiff's Unverified Complaint; Case No. 16K00055

38105742v.1

**ELEVENTH SEPARATE DEFENSE**

(Waiver – All Causes of Action)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**TWELFTH SEPARATE DEFENSE**

(Independent/Intervening Conduct – All Causes of Action)

To the extent that Plaintiff has suffered any damage, injury, and/or harm as a result of the matters alleged in the Complaint, which DeVry denies, any damage, injury, and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of DeVry.

**THIRTEENTH SEPARATE DEFENSE**

(Commercially Reasonable and Lawful Conduct – All Causes of Action)

At all relevant times, DeVry acted in a commercially reasonable and lawful manner.

**FOURTEENTH SEPARATE DEFENSE**

(Due Process - All Causes of Action)

The imposition of liability and/or statutory damages under the TCPA and/or California Penal Code Sections 632.7 and 637.2, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process Clause, and/or the California Constitution.

**FIFTEENTH SEPARATE DEFENSE**

(No Reasonable Expectation of Confidentiality - First Cause of Action)

Plaintiff had no reasonable expectation of confidentiality as to any of the alleged telephone calls to or from DeVry.

**SIXTEENTH SEPARATE DEFENSE**

(No Automated Telephone Dialing System - Second Cause of Action)

Defendant's Answer to Plaintiff's Unverified Complaint; Case No. 16K00055

38105742v.1

1    Plaintiff's cause of action is barred, in whole or in part, because any telephone calls

2    allegedly made to Plaintiff's cell phone by DeVry were not made using an "automated telephone

3    dialing system" within the meaning of the TCPA.

4                    **SEVENTEENTH SEPARATE DEFENSE**

5                    (Not Knowing Or Willful – Second Cause of Action)

6    Plaintiff is precluded from any recovery from DeVry for a willful or knowing violation of

7    the TCPA because any such violation, which DeVry denies occurred, was not willful or knowing

8    within the meaning of the TCPA

9                    **RESERVATION OF RIGHTS**

10   DeVry reserves the right to assert additional defenses should it become aware of

11   additional defenses during the course of this litigation.

12   WHEREFORE, DeVry prays for judgment as follows:

13   1.    That Plaintiff take nothing by his Complaint, and that this Complaint be dismissed

14   with prejudice;

15   2.    For costs of suit and attorneys' fees;

16   3.    That judgment be entered in DeVry's favor; and

17   4.    For such other further relief as this Court may deem just and proper.

18   DATED: March 16, 2017                    SEYFARTH SHAW LLP

19

20

21   By:

22                    _____
                      Michael J. Burns
                      Joseph A. Escarez

23                    Attorneys for Defendant
                      DEVRY UNIVERSITY, INC.

24

25

26

27

28

                                    5
38105742v.1

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA            )
                                 )  SS
3  COUNTY OF LOS ANGELES         )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5  90067-3021.  On March 16, 2017, I served the within document(s):

6  **DEVRY UNIVERSITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
       in the United States mail at Los Angeles, California, addressed as set forth below.
8

9  ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
       below.

10 ☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
       sealed envelope or package provided by an overnight delivery carrier with postage paid on
11     account and deposited for collection with the overnight carrier at Los Angeles, California,
       addressed as set forth below.
12

13 ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
       below.

14 ☐  electronically by using the Court's ECF/CM System.

15

16

17     Robert F. Smith                    ***Attorney for Plaintiff***
       Law Offices of Robert F. Smith
18     16200 Ventura Blvd. #308
       Encino, California 91436

19
         I am readily familiar with the firm's practice of collection and processing correspondence for
20 mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
21 served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.
22

23       I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

24       Executed on March 16, 2017, at Los Angeles, California.

25

26                                              Maria Torres-Masferrer

27

28

---

PROOF OF SERVICE
